IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **SAMUEL LEWIS FOWLER,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No: 5:20-cv-00171 (TES) (CHW) |
| | : | |
| Warden CLINTON PERRY JR, *et al.*, | : | Proceedings Under 42 U.S.C. § 1983 |
| | : | Before the U.S. Magistrate Judge |
| Defendants. | : | |

**ORDER**

Before the Court are several motions. Plaintiff filed two motions to extend the time to complete discovery (Docs. 92, 94), which request similar relief to a previously denied motion. (Docs. 88, 90). Plaintiff also filed a motion to amend complaint to add the Georgia Department of Corrections (GDOC), the GDOC Commissioner, and the previously dismissed Johnson State Prison (JSP) Defendants. (Docs. 91). Plaintiff's motion for discovery extension (Doc. 92) alerted the Court to a service issue as to Defendants Captain Davis, Sergeant Searcy, and Officer Nichols from Central State Prison (CSP), and Defendant Dumas from Johnson State Prison (JSP). As discussed below, there is good cause under Federal Rule of Civil Procedure 4(m) to **ORDER personal service** of the remaining CSP defendants. It is also proper to **TERMINATE** JSP Defendant Dumas as a party. Plaintiff's motions for extension of time to complete discovery (Doc. 92, 94) are **GRANTED in part** as to the three yet-to-be-served CSP Defendants and **DENIED** for all remaining Defendants. Plaintiff's motion to amend complaint (Doc. 91) is **DENIED**.

1. **Plaintiff's Motion to Amend Complaint**

Plaintiff initiated this case pursuant to 42 U.S.C. § 1983 and was permitted to recast his complaint, in which he alleged failure to protect claims against Defendants. Plaintiff's amended

complaint (Doc. 25) included claims against multiple defendants from several agencies and prison facilities. Following the Court's screening review of the amended complaint, Plaintiff's claims against Defendants from Central State Prison, Augusta State Medical Prison, and Johnson State Prison were permitted to move forward for factual development. (Docs. 28, 43). The Georgia Department of Corrections (GDOC) was terminated as a defendant because Plaintiff failed to include the department in his amended complaint, but Plaintiff objected by saying that he intended to include the GDOC. (Doc. 32). The Court denied Plaintiff's request to add the GDOC as party. (Doc. 43). The Court has previously explained that the GDOC cannot be a party in §1983 actions (Docs. 16, p. 5, n. 1; 50, p. 1) and discussed limitations on adding the GDOC Commissioner as a party. (Docs. 16, p. 5, n. 1; 50, p. 1). Plaintiff again requests to amend his complaint to join or add the GDOC, the GDOC Commissioner, and the already dismissed JSP Defendants. (Doc. 91). He has also filed an amended complaint naming these proposed defendants, which reflects the requested additions listed in his motion. (Doc. 95).

All the named JSP Defendants, except for Defendant Dumas, previously moved for dismissal citing Plaintiff's failure to exhaust his administrative remedies prior to filing suit. (Docs. 52, 69). The Court granted their motions. (Docs. 74, 76). Plaintiff has also attempted to amend his complaint to add the GDOC. (Docs. 45, 46, 61). These attempts were also denied. (Docs. 50, 74). Plaintiff has not moved to add the GDOC Commissioner as a party since his first complaint, when he was cautioned about the high bar to make a supervisory liability claim under § 1983. (Docs. 1, 16). Plaintiff's current motion and proposed complaint present no new grounds for adding these Defendants. For the reasons explained in the Court's previous orders, Plaintiff's motion to amend (Doc. 91) is **DENIED**.

2. **Status of the remaining, unserved defendants**

Plaintiff's motion for extension of time to complete discovery (Doc. 92) highlighted that several named defendants, one JSP Defendant and three CSP Defendants, have not been served. JSP Defendant Dumas was not served and was not included in the dismissal of the other JSP Defendants. Through a defense motion for extension of time to answer (Doc. 48, Ex. 1) and Plaintiff's motion to amend (Doc. 91), both parties have acknowledged that Defendant Dumas is deceased. Because the claims against Defendant Dumas are part of the claims previously dismissed against the JSP Defendants, and because Defendant Dumas is deceased, the Court finds that Defendant Dumas should be dismissed as a defendant. The Clerk is **DIRECTED to terminate** Defendant Dumas as a party in this case.

Three CSP Defendants, Captain Davis, Sergeant Searcy, and Officer Nichols, have not been served. The Clerk of Court issued summons for these Defendants after the Court's screening order, but they went unanswered. (Doc. 29, 47). All remaining Defendants are represented by the same firm, and through counsel, various Defendants requested an extension to answer. (Doc. 48). In the motion for extension, defense counsel suggested that Captain Davis, Sergeant Searcy, and Office Nichols may be unaware of the lawsuit or may not have received the requests for waiver of service. (*Id.*) Counsel also stated that he had requested the GDOC's assistance in contacting the outstanding Defendants. (*Id.*, p. 2, n. 2). To date, no waiver of service or other responsive pleading has been received for Defendants Captain Davis, Sergeant Searcy, and Officer Nichols, and they remain unserved even though the Court directed service on February 4, 2021. (Doc. 28).

Rule 4(m) of the Federal Rules of Civil Procedure governs the time for service and the procedure for when service has not been made. Under Rule 4(m),

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—
> on motion or on its own after notice to the plaintiff—must dismiss the action

> without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Even without good cause, the court retains discretion to extend the time service of process. *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132-33 (11th Cir. 2005). The time for service is long past, but good cause exists in this case to extend it.

The waivers of service sent to several Defendants went unanswered. (Doc. 47). Normally if that occurs, the Court would order Plaintiff to provide additional information about the unserved defendants. That was process was implemented for JSP Defendant Green before defense counsel stated that he was working with the GDOC to contact the remaining defendants. However, the process was not completed for the unserved defendants, and Plaintiff did not address the issue until after his May 13, 2022 deposition when he learned the remaining CSP Defendants were not represented. (Doc. 92). Several events appear to explain why Plaintiff was likely unaware that there was a service issue.

The Court usually assists with service in cases like Plaintiff's. "*In forma pauperis* litigants should be entitled to rely on the court officers and United States Marshals to effect proper service, and should not be penalized for failure to effect service where such failure is not due to fault on the litigant's part." *Fowler v. Jones*, 899 F.2d 1088, 1095 (11th Cir. 1990). Even so, *in forma pauperis* litigants may not remain silent and do nothing to help effectuate service of process. *Id*. At a minimum, an *in forma pauperis* litigant should request service upon the appropriate defendants and attempt to remedy any apparent service defects of which he has knowledge. *Id*. The issue in this case is that defense counsel's statement that he was trying to locate the unserved Defendants suggested that waivers would be forthcoming and potentially confused the issue of service, especially to a *pro se*, inmate Plaintiff. Additionally, some of the Defendants, who were

4

unserved at the time of defense counsel's statement, ultimately filed an answer (Doc. 68), which again muddied the issue of service. The record certainly supports Plaintiff's assertion that he only discovered the CSP defendants were not represented when speaking to defense counsel at his deposition. Although Plaintiff's motion does not specifically address service, the Court on its own motion is extending the time for service for the three remaining CSP Defendants.

Good cause exists to extend the time for service in this case under Rule 4(m). The Court **DIRECTS** the Clerk of Court to issue a summons for personal service for each of the remaining Central State Prison Defendants, Captain David, Sergeant Searcy, and Officer Nichols.

3. **Plaintiff's motions to extend discovery**

Plaintiff has again sought to extend the discovery period and expand the number of discovery requests permitted by local rules. (Docs. 92, 94). As Plaintiff has been previously advised, the discovery request limitations set by the Court's scheduling order balance the need for accessing relevant information with the Federal Rules' requirement that discovery be "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Plaintiff has not forth any basis to conclude that the normal discovery process and timeframe are inadequate in this case. To the extent Plaintiff requests that the time and scope of discovery be expanded regarding the existing Defendants, his motions (Docs. 92, 94) are **DENIED**.

However, when the remaining CSP defendants are served and file an answer, a new discovery period will commence. Therefore, Defendant's motions (Doc. 92, 94) are **GRANTED in part** and only so far as to allow for discovery with the newly served defendants as outlined in the Court's screening order. (Doc. 28, p. 13-14).

**Conclusion**

Plaintiff has presented no new information in his motion to amend that would change the Court's previous rulings. Therefore, Plaintiff's motion to amend (Doc. 91) is **DENIED** and Plaintiff's proposed amended complaint (Doc. 95) be **TERMINATED**.

Because JSP Defendant Dumas is deceased and Plaintiff's claims against her would have been dismissed along with the other JSP Defendants, the Clerk is **DIRECTED to terminate** her as a defendant on the docket. Having reviewed the record, the Court finds good cause under Federal Rule of Civil Procedure 4(m) to extend the time for service of the remaining CSP Defendants. The Clerk Court is **DIRECTED** to issue summonses for personal service on the Central State Prison Defendants, Captain David, Sergeant Searcy, and Officer Nichols.

Because service of and responsive pleadings from the unserved CSP Defendants will commence a new discovery period for these Defendants, Plaintiff's motions for extension of discovery (Doc. 92, 94) are **GRANTED in part** to allow for discovery with the newly served defendants as outlined in the Court's screening order. (Doc. 28). However, Plaintiff's motions to extend discovery (Docs. 92, 94) are **DENIED** as to the current Defendants.

**SO ORDERED**, this 25th day of May, 2022.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge